UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS (BOSTON)

```
*************************************************)
GARDEN CITY BOXING CLUB, INC.,                  )
As Broadcast Licensee of the April 12, 2003     )
Barrera/Kelly Program,                          )
                Plaintiff                       )
                                                )
                                                )
        v.                                      )
                                                )
                                                )
James Cassin, Individually, and d/b/a TAVERN AT )
THE BRIDGE a/k/a TAVERN ON THE BORDER, and      )
TAVERN AT THE BRIDGE a/k/a TAVERN ON THE        )
BORDER;                                         )
                Defendants                      )
*********************************************** )
```

Case No.: 04-12412 REK

## ANSWER TO COMPLAINT OF ALL DEFENDANTS

Now come the Defendants, James Cassin, Individually, and d/b/a TAVERN AT THE BRIDGE a/k/a TAVERN ON THE BORDER, and TAVERN AT THE BRIDGE a/k/a TAVERN ON THE BORDER, and respond to the complaint of the Plaintiff, GARDEN CITY BOXING CLUB, INC., as follows:

1.    The Defendants deny the allegations contained in Paragraph No. 1 to the extent it requires an answer.

2.    The Defendants deny the allegations contained in Paragraph No. 2.

3.    The Defendants deny the allegations contained in Paragraph No. 3, but admit that Defendant Cassin is a resident of Massachusetts and that Bridge, Inc. d/b/a Tavern at the Bridge is a Massachusetts Corporation. Defendant, James Cassin, is a corporate officer of Bridge, Inc., but Defendant Cassin denies any d/b/a affiliations with Tavern at the Bridge (a/ka Tavern on the Border).

4.    The Defendants deny the allegations contained in Paragraph No. 4.

5.    The Defendants are without knowledge sufficient to form an opinion as to the truth of the allegations contained in Paragraph No. 5.

6.    The Defendants admit the allegations contained in Paragraph No. 6.

7.    The Defendants deny the allegations in Paragraph No. 7, but admit that Bridge, Inc. is a Massachusetts Corporation operating at 318 Bridge Street, Lowell, Massachusetts.

8.  The Defendants deny the allegations contained in Paragraph No. 8.

9.  The Defendants deny the allegations contained in Paragraph No. 9.

10. The Defendants deny the allegations contained in Paragraph No. 10.

## COUNT I

11. The Defendants reassert and incorporate by reference herein their responses to the allegations of paragraphs No. 1-10 of the Complaint, as if each were set forth fully here.

12. The Defendants are without knowledge sufficient to form an opinion as to the truth of the allegations contained in Paragraph No. 12.

13. The Defendants are without knowledge sufficient to form an opinion as to the truth of the allegations contained in Paragraph No. 13.

14. The Defendants are without knowledge sufficient to form an opinion as to the truth of the allegations contained in Paragraph No. 14.

15. The Defendants deny the allegations contained in Paragraph No. 15 and call upon Plaintiff to prove same.

16. The Defendants deny the allegations contained in Paragraph No. 16 and call upon Plaintiff to prove same.

17. The Defendants deny the allegations contained in Paragraph No. 17 to the extent this interpretation of the law requires an answer from Defendants.

18. The Defendants deny the allegations contained in Paragraph No. 18 and call upon Plaintiff to prove same.

19. The Defendants deny the allegations contained in Paragraph No. 19 and call upon Plaintiff to prove same.

20. The Defendants deny the allegations contained in Paragraph No. 20 and call upon Plaintiff to prove same.

21. The Defendants deny the allegations contained in Paragraph No. 21 and call upon Plaintiff to prove same.

## COUNT II

22.    The Defendants reassert and incorporate by reference herein their responses to the allegations of paragraphs No. 1-21 of the Complaint, as if each were set forth fully here.

23.    The Defendants deny the allegations contained in Paragraph No. 23 and call upon Plaintiff to prove same.

24.    The Defendants are without knowledge sufficient to form an opinion as to the truth of the allegations contained in Paragraph No. 24.

25.    The Defendants deny the allegations contained in Paragraph No. 25 and call upon Plaintiff to prove same.

26.    The Defendants deny the allegations contained in Paragraph No. 26 and call upon Plaintiff to prove same.

27.    The Defendants deny the allegations contained in Paragraph No. 27 and call upon Plaintiff to prove same.

## COUNT III

28.    The Defendants reassert and incorporate by reference herein their responses to the allegations of paragraphs No. 1-27 of the Complaint, as if each were set forth fully here.

29.    The Defendants deny the allegations contained in Paragraph No. 29 and call upon Plaintiff to prove same.

30.    The Defendants deny the allegations contained in Paragraph No. 30 and call upon Plaintiff to prove same.

31.    The Defendants deny the allegations contained in Paragraph No. 31 and call upon Plaintiff to prove same.

32.    The Defendants deny the allegations contained in Paragraph No. 32 and call upon Plaintiff to prove same.

33.    The Defendants deny the allegations contained in Paragraph No. 33 and call upon Plaintiff to prove same.

## AFFIRMATIVE DEFENSES

By way of answering further, Defendants assert the following Affirmative Defenses:

1.    The Plaintiffs' Complaint fails to state a claim upon which relief can be granted, and, therefore, Plaintiff's Complaint must be dismissed as to all Counts pursuant to provisions

of Federal Rules of Civil Procedure Rule 12(b)6.

2. The Defendants assert that Plaintiffs' Complaint is barred by the Statute of Limitations.

3. The Plaintiff, by its actions and inactions, is estopped from asserting any claim against the Defendant.

4. The Defendants assert that Plaintiff's Complaint is barred by the Statute of Frauds.

5. The Complaint of Plaintiff is wholly based on parole evidence which is neither admissible nor provable in a court of law and, therefore, the Complaint of Plaintiff should be dismissed.

6. The Defendants assert that Plaintiff's Complaint is barred by the doctrine of unclean hands.

7. Defendant, James Cassin, does not do business as Tavern at the Bridge a/k/a Tavern on the Border.

8. Defendant, James Cassin, had no involvement or knowledge of anyone committing an illegal act at Tavern at the Bridge or at any business entity located at 318 Bridge Street, Lowell, Massachusetts, if such acts occurred. If such act occurred, such an act would be outside of the scope of any authority or agency any employee had been granted by Tavern at the Bridge or Bridge, Inc. Nor did Mr. Cassin, as a corporate officer, grant anyone such authority to commit such an act, if such an act occurred.

9. Bridge, Inc. or Tavern at the Bridge, or its corporate officers, had no involvement or knowledge of anyone committing an illegal act at Tavern at the Bridge and/or any illegal transmission of a boxing program, if such acts occurred. If such act occurred, it would be outside of the scope of any authority or agency any employee had been granted, nor did any Defendant to this action grant anyone such authority to commit such acts if such acts occurred.

WHEREFORE, the Defendants, pray that this Honorable Court:

a) Dismiss the Plaintiff's Complaint with prejudice.

b) Enter Judgment in favor of the Defendants on all Counts contained herein.

c) Order the Plaintiff to pay to the Defendants their respective reasonable costs and attorney's fees in connection herewith.

d) Order Plaintiff to pay Defendant James Cassin his reasonable costs and attorney's fees in connection herewith as there is no evidence that Mr. Cassin was individually

involved with the matters of this suit, that he has no d/b/a affiliation with Tavern at the Bridge or Tavern on the Border, and that he had no other involvement other than the fact that he is listed as a corporate officer for Bridge, Inc.

e) Grant such other relief as this Honorable Court deems equitable and just.

Respectfully submitted,
The Defendants,
By Their Attorney,

Dated December 10, 2004

James P. Hall (BBO# 635343)
QUA, HALL, HARVEY & WALSH
25 Fletcher Street
Chelmsford, MA 01824
Tel. (978) 250-4255 / Fax (978) 244-1452

## CERTIFICATE OF SERVICE

I, James P. Hall, Attorney for all the above Defendants hereby certify that I have this day forwarded a copy of the foregoing document, by causing a copy of same to be mailed on December 10, 2004, first class mail, postage prepaid, to the Plaintiff's Attorney, at the following address:

Wayne L. Lonstein, Esquire
Lonstein Law Office, P.C.
1 Terrace Hill, P.O. Box 351
Ellenville, NY 12428

Dated: _____

James P. Hall

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS (BOSTON)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*)        Case No.: 04-12412 REK
GARDEN CITY BOXING CLUB, INC.,                )
As Broadcast Licensee of the April 12, 2003   )
Barrera/Kelly Program,                        )
                    Plaintiff                 )
                                              )
            v.                                )
                                              )
James Cassin, Individually, and d/b/a TAVERN AT )
THE BRIDGE a/k/a TAVERN ON THE BORDER, and )
TAVERN AT THE BRIDGE a/k/a TAVERN ON THE   )
BORDER;                                       )
                    Defendants                )
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CORPORATE DISCLOSURE STATEMENT

PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE AND THE GENERAL RULES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS and to enable Judges and Magistrate Judges of the Court to evaluate possible disqualification or recusal, the undersigned counsel of record for a private party certifies that the following are corporate parents, subsidiaries, or affiliates of that Party which are publicly held:

Bridge, Inc. is the true name of the corporation which operates a business at 318 Bridge Street, Lowell. Massachusetts. There are no corporate parents, subsidiaries or affiliates of the Defendants listed in this complaint nor with Bridge, Inc. and said corporation's securities are not publicly traded.

Dated December 10, 2004

James P. Hall (BBO# 635343)
QUA, HALL, HARVEY & WALSH
25 Fletcher Street
Chelmsford, MA 01824
Tel. (978) 250-4255 / Fax (978) 244-1452