UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

---

**GARDEN CITY BOXING CLUB, INC.,**
as Broadcast Licensee of the **April 12, 2003**
**Barrera/Kelly**, Program,

     Plaintiff,

-against-

JAMES CASSIN, *et al.,*

     Defendants.

**JOINT STATEMENT**
Civil Action No. 04-12412 REK
Honorable Robert E. Keeton

---

**1.**  **Pursuant to Fed. R. Civ. P. 26 (f)**, a meeting was held on January 20, 2005, via telephone and was attended by the following:

  Wayne D. Lonstein, Esq.  Attorney for Plaintiff

  James Hall, Jr., Esq.  Attorney for Defendant(s)

**2.**  **Pre-Discovery Disclosures.** Plaintiff and the Defendants will exchange by **February 14, 2005,** the information required by Fed.R.Civ.P. 26 (a)(1).

**3.**  **Discovery Plan.** The parties jointly propose to the court the following discovery plan:

 a. Discovery will be needed on the following subjects:

 By Plaintiff:

  1) Operation and revenues of the defendants on and about April 12, 2003.

  2) The manner, extent and nature of the telecommunications equipment present at the defendants' establishment on said date, including cable and/or satellite service at or adjacent to the defendants' premises.

  3) Employees and witnesses present on the evening in question.

      By Defendants:

      (1) Employees, servants, or agents of the Plaintiff present on the evening in question, to include a description of the manner of their affiliation with the Plaintiff and method and rate of compensation.

      (2) All corporate filing documents, certificates of good standing and minutes of the Plaintiff's meeting relevant to the action, including but not limited to: those establishing that the Plaintiff was lawfully operating at the time of the alleged incident and continues in said lawful operation; all records and minutes of meetings relevant to the purchase of the license to distribute the subject broadcast; all communication by or between the Plaintiff and any witness upon which it relied in filing of this claim; complete copies of the personnel files of any employee, officer, director of the Plaintiff whom the Plaintiff intends to offer as a witness.

      (3) The curriculum vitae of and any contract with any investigator used in connection with the decision to file the within subject complaint.

      (4) Copies of all contracts with and a list of all other cases, whether filed whether tried to conclusion, settled or dismissed, in which any witness relied upon by the plaintiff has previously given testimony, or made statements or affidavits in connection therewith.

b. All discovery to be completed by **November 11, 2005.**

c. Maximum of 75 interrogatories by each party to any other party to be answered by no later than **May 20, 2005.**

    d.    Maximum of 25 Requests for admission by each party to be answered by **June 30, 2005.**

    e.    Maximum of four (4) depositions by Plaintiff. Defendant(s) are not in a position to determine how many depositions will be necessary until satisfactory discovery is provided, admissions are made, interrogatories are answered and documents are produced. Defendant(s) reserve the right to depose all personnel involved in the alleged licensing of the broadcast in question, all witnesses, and all personnel involved in the hiring of the witnesses or compensating of the witnesses in connection with any matter to which they may testify.

    f.    Plaintiff agrees to limit each deposition to a maximum of two (2) hours, unless extended by agreement of the parties. Defendant is not in a position to agree to limit the depositions of any party who it wishes to depose until the subject matter and breadth of the necessary depositions can be determined through discovery.

    g.    Plaintiff and Defendants shall designate Experts on or before **July 22, 2005.**

    h.    Supplementation under Rule 26(e) due within 15 days of receipt of information or material.

**4.**    **Other Items.**

    a.    The parties respectfully request a telephonic conference with the Court before entry of the scheduling order.

    b.    The parties request a pretrial conference.

    c.    The parties reserve their right to trial by jury.

    d.    Parties shall be allowed until **May 20, 2005**, to join additional parties and until **May 20, 2005,** to amend pleadings.

e.  All dispositive motions should be filed by **August 26, 2005.**

f.  Settlement negotiations are ongoing. Judicial intervention may or may not be required. The parties will promptly advise the Court should negotiations break down.

g.  Final list of witnesses and exhibits under Rule 26 (a) (3) should be due:

  1.  From Plaintiff by **October 28, 2005.**

  2.  From Defendants by **November 11, 2005.**

h.  Parties should have 15 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

i.  The case should be ready for trial by **December 5, 2005,** and is expected to take one (1) day.

Dated: January 20, 2005

| /s/ Wayne D. Lonstein | /s/ James Hall |
|---|---|
| Wayne D. Lonstein, Esq. | James Hall, Jr., Esq. |
| B.B.O. # 629060 | B.B.O. # 635343 |
| Lonstein Law Office, P.C. | Qua, Hall, Harvey & Walsh |
| Attorneys for Plaintiff | Attorney for Defendants |
| 1 Terrace Hill, PO Box 351 | 25 Fletcher Street |
| Ellenville, NY 12428 | Chelmsford, MA 01824 |
| Telephone: 845-647-8500 | Telephone: 978-250-4255 |
| Facsimile: 845-647-6277 | Facsimile: 978-244-1452 |